FILED IN THE ALASKA TRIAL COURTS ON 10/23/2025

Isaac D. Zorea
Law Office of Isaac Derek Zorea
P.O. Box 90844
Anchorage, AK 99509
(907) 830-1385
*izorea.law@gmail.com*

In The District Court For The State of Alaska
Third Judicial District At Anchorage

| | | |
|---|---|---|
| ISAAC ZOREA,<br>Plaintiff,<br>vs.<br><br>ENDURANCE WARRANTY SERVICES, an Illinois corporation; UNITED CAR CARE, INC., a Colorado corporation; and PAYLESS SERVICE, an Alaska corporation,<br>Defendant. | ) | Case No: 3AN-25-09889CI |

**COMPLAINT FOR DAMAGES**

COMES NOW, Isaac Zorea, the plaintiff above named, by and through his attorney, Isaac Derek Zorea, and complains as follows:

## I. JURISDICTIONAL ALLEGATIONS

1. This Court has jurisdiction over this matter pursuant to Alaska Statute § 22.10.020 as this action involves claims exceeding $10,000 in damages.

2. Venue is proper in this judicial district pursuant to Alaska Civil Rule 3(a) as the events giving rise to this action occurred in Anchorage, Alaska, and Defendant Payless Service conducts business in this district.

## II. PARTIES

3. Plaintiff ISAAC ZOREA ("Plaintiff" or "Zorea") is an individual residing at 2526 Forest Park Drive, Anchorage, Alaska 99517.

4. Defendant ENDURANCE WARRANTY SERVICES ("Endurance") is an Illinois corporation with its principal place of business at 400 Skokie Boulevard, Suite 105, Northbrook, Illinois 60062, conducting business in Alaska.

5. Defendant UNITED CAR CARE, INC. ("United Car Care") is a Colorado corporation with its principal place of business at P.O. Box 3988, Greenwood Village, Colorado 80155-3988, serving as warranty administrator for Endurance and conducting business in Alaska.

6. Defendant PAYLESS SERVICE ("Payless") is an Alaska corporation with its principal place of business at 105 Post Road, Anchorage, Alaska 99501.

## III. FACTUAL ALLEGATIONS

7. On June 7, 2019, Plaintiff purchased an extended warranty contract from Endurance for his 2014 Mercedes-Benz GL550, VIN: 4JGDF7DE9EA333387 ("Vehicle").

8. The contract, number JDDM09212831, provided "PLATINUM PLUS" coverage for 60 months or 100,000 miles, with Plaintiff paying $5,016.00 in premiums.

9. The contract covered "All internally lubricated parts including: crankshaft, rod and main bearings, camshaft, cam bearings, connecting rods, wrist pins, pistons, piston rings, valves" and "cylinder heads."

10. The contract required Endurance to "repair, replace or reimburse" covered components with "parts of a like kind and quality."

11. The contract provided rental car reimbursement "up to $35.00 per day and a maximum of six (6) days per incident" for covered mechanical breakdowns.

**A. Original Engine Failure and Warranty Processing**

12. In early September 2023, the Vehicle's original engine suffered mechanical failure requiring complete replacement.

13. On September 7, 2023, a warranty inspector completed the inspection and Payless Service Manager Mike Lewis promised Plaintiff they "should have a gameplan once he has his report turned in later this evening."

14. From October 2023 through February 2024, Plaintiff made repeated requests for claim status updates and rental car arrangements, which were denied or ignored.

15. On October 18, 2023, Plaintiff warned Defendants of breach of contract after being "without use of my vehicle for over two months."

16. On October 24, 2023, United Car Care representative Kevin made the first of multiple false promises that a replacement engine would be delivered "14 days out."

17. These false "14 days out" promises continued through November 2023, with no engine delivery.

**B. Defective Replacement Engine Transaction**

18. On January 5, 2024, Kevin located a used replacement engine for $19,000 and demanded Plaintiff pay installation costs since the engine cost exceeded vehicle value.

19. Plaintiff agreed to pay Payless Service over $6,000 for professional installation of the replacement engine.

20. The replacement engine, purportedly having 46,000 miles, was installed by Payless Service in 2024.

21. Payment for the replacement engine was routed through Payless, and Payless served as the primary point of contact between Plaintiff and the warranty companies throughout the transaction.

**C. Post-Installation Problems and Defective Engine Discovery**

22. By January 24, 2025, Plaintiff complained to Payless about corroded oil pan issues related to the replacement engine.

23. On January 30, 2025, Payless informed Plaintiff that "Endurance is not covering any of the repairs for this vehicle."

24. On June 4, 2025, Endurance opened formal claim #CL11959165 for ongoing engine-related problems.

25. Despite multiple requests, Endurance's claims customer service failed to respond to Plaintiff's inquiries about claim status.

26. On October 9, 2025, cylinder #5 inspection revealed clear mechanical defects in the replacement engine provided by Endurance.

27. As of October 23, 2025, Payless Service has definitively confirmed the replacement engine is defective as to cylinder 5.

## IV. CAUSES OF ACTION

**COUNT I: VIOLATION OF ALASKA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT**
(Against Endurance and United Car Care)

28. Plaintiff incorporates by reference all preceding paragraphs.

29. Defendants Endurance and United Car Care engaged in unfair and deceptive acts in violation of Alaska Statute § 45.50.471(b).

30. Misrepresentation of Goods Quality (AS § 45.50.471(b)(6)): Defendants violated this provision by "representing that goods or services are of a particular standard, quality, or grade...if they are of another" by providing a defective replacement engine that failed to meet the contractual standard of "parts of a like kind and quality."

31. Deceptive Practices (AS § 45.50.471(b)(11)): Defendants engaged in "conduct creating a likelihood of confusion or of misunderstanding and that misleads, deceives, or damages a buyer" by providing a fundamentally defective replacement engine while representing it as a proper repair solution.

32. Material Omission (AS § 45.50.471(b)(12)): Defendants violated this provision by "knowingly concealing, suppressing, or omitting a material fact" regarding the condition and quality of the replacement engine provided.

33. As a direct and proximate result of these violations, Plaintiff has suffered damages including the $19,000 cost of the defective engine, $6,000+ in installation costs, rental car expenses, and other consequential damages.

34. Plaintiff is entitled to actual damages, restitution, attorney fees, and other relief available under Alaska law.

**COUNT II: BAD FAITH CLAIMS HANDLING**
(Against Endurance and United Car Care)

35. Plaintiff incorporates by reference all preceding paragraphs.

36. Defendants owed Plaintiff a duty of good faith and fair dealing in processing warranty claims under Alaska law as established in Alaska Pacific Assurance Co. v. Collins, 794 P.2d 936 (Alaska 1990).

37. Defendants breached this duty through unreasonable delays exceeding 24 months from initial claim to defective resolution, repeated false promises regarding delivery timelines ("14 days out"), systematic denial of contractual rental car benefits, failure to provide adequate communication regarding claim status, and provision of defective replacement parts.

38. Defendants' conduct demonstrates conscious disregard for Plaintiff's contractual rights and constitutes actionable bad faith under Alaska law.

39. As a result of this bad faith conduct, Plaintiff has suffered compensatory damages and is entitled to punitive damages to deter similar conduct.

**COUNT III: BREACH OF CONTRACT**
**(Against Endurance and United Car Care)**

40. Plaintiff incorporates by reference all preceding paragraphs.

41. The extended warranty contract constituted a valid and enforceable agreement between Plaintiff and Defendants.

42. Plaintiff performed all conditions precedent and complied with all contract terms, including payment of premiums and proper maintenance of the Vehicle.

43. Defendants materially breached the contract by failing to provide "parts of a like kind and quality" as required by providing a defective replacement engine, failing to provide rental car reimbursement during the extended repair period, and failing to timely process and resolve covered claims.

44. As a direct and proximate result of these breaches, Plaintiff has suffered damages in excess of $37,000.

**COUNT IV: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING (Against Endurance and United Car Care)**

45. Plaintiff incorporates by reference all preceding paragraphs.

46. The warranty contract contained an implied covenant of good faith and fair dealing.

47. Defendants breached this covenant through systematic delays, false promises, provision of defective parts, and denial of contractual benefits.

48. This breach was undertaken with conscious disregard for Plaintiff's rights and caused substantial damages.

**COUNT V: MAGNUSON-MOSS WARRANTY ACT VIOLATIONS (Against Endurance and United Car Care)**

49. Plaintiff incorporates by reference all preceding paragraphs.

50. The extended warranty contract constitutes a written warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312.

51. Defendants violated the Act by failing to comply with written warranty terms and engaging in systematic delays in warranty performance.

52. Plaintiff is entitled to damages and reasonable attorney fees under federal law.

**COUNT VI: PROFESSIONAL NEGLIGENCE**
(Against Payless Service)

53. Plaintiff incorporates by reference all preceding paragraphs.

54. Defendant Payless Service held itself out as having ASE certified automotive technicians capable of professional engine installation services.

55. Payless owed Plaintiff a duty to exercise reasonable care consistent with professional standards in inspecting and installing the replacement engine.

56. Payless breached this duty by failing to conduct proper pre-installation inspection of the replacement engine, failing to identify obvious defects that should have been discoverable through competent professional inspection, and installing a defective engine with cylinder 5 problems without adequate testing.

57. The cylinder 5 defects visible in October 2025 inspection photographs represent the type of mechanical issues that competent ASE certified technicians should have identified during proper pre-installation inspection.

58. As a direct and proximate result of this negligence, Plaintiff has suffered damages including the cost of the defective installation and subsequent repairs.

**COUNT VII: BREACH OF INSTALLATION WARRANTY**
**(Against Payless Service)**

59. Plaintiff incorporates by reference all preceding paragraphs.

60. Plaintiff's payment of over $6,000 for installation services created contractual obligations and implied warranties that the work would be performed in a workmanlike manner consistent with professional standards.

61. Payless breached these warranties by installing a defective engine without proper inspection, resulting in premature engine failure.

62. Plaintiff has suffered damages including the cost of the defective installation and need for replacement engine.

**COUNT VIII: INTERMEDIARY LIABILITY**
**(Against Payless Service)**

63. Plaintiff incorporates by reference all preceding paragraphs.

64. Despite claiming to "only install the part," Payless served as the primary point of contact between Plaintiff and the warranty companies and received substantial compensation for both engine procurement and installation.

65. This enhanced role created obligations beyond mere installation, including reasonable care in component inspection and customer protection.

66. Payless's failures in this intermediary role contributed to Plaintiff's damages.

## DEMAND FOR JURY TRIAL

67. Plaintiff hereby demands a trial by jury on all issues so triable.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Against Endurance and United Car Care: Award actual damages of $37,000-$42,750 including the $19,000 defective engine cost, $6,000+ installation fees,

$7,500-$11,250 in denied rental car benefits, and additional repair costs; award punitive damages for bad faith conduct; award restitution under Alaska UTPCA; award reasonable attorney fees under Alaska UTPCA and Magnuson-Moss Warranty Act; and award statutory penalties available under Alaska consumer protection law

2. Against Payless Service: Award actual damages of $6,000+ for defective installation services; award contribution toward replacement engine costs based on shared liability; and award consequential damages for vehicle downtime and related losses

3. Against All Defendants: Award pre- and post-judgment interest

Award costs of suit

4. Grant such other and further relief as this Court deems just and proper.

Dated: October 23, 2025

/s/ Isaac D Zorea
Isaac D. Zorea
ABA No. 0011090
*Pro Se*

Certificate of Service

I CERTIFY that on the 6th day of June 2025, a true and accurate copy of the foregoing document was served via electronic mail to the following counsels of record:

Laura Fisher
laura@anchorlaw.com

By: /s/ Isaac D. Zorea
Isaac D. Zorea